ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 2 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Ondova Limited Company, | § | Bankruptcy Case No. |
| | § | 09-34784-SGJ-11 |
| Debtor. | § | |
| | § | |
| | § | |
| Manila Industries, Inc. and | § | |
| Netsphere, Inc., | § | |
| | § | |
| Plaintiffs, | § | Civ. Action #3:09-CV-1551-F |
| v. | § | |
| | § | |
| Ondova Limited Company, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT
ON THE MOTION TO WITHDRAW THE REFERENCE
OF THE MAIN BANKRUPTCY CASE**

A motion to withdraw the reference ("Motion") of the entire above-referenced bankruptcy case was filed on August 17, 2009 by Manila Industries, Inc. and Netsphere, Inc. (the "Movants"). As required by Local Bankruptcy Rule 5011.1, the bankruptcy court conducted a status conference concerning the Motion on September 28, 2009. After conferring with counsel for the parties at the status conference, the bankruptcy court submits the following Report and Recommendation to the United States District Court, addressing those areas of inquiry required by Local Bankruptcy

1

Rule 5011.1. The bankruptcy court hereby reports and recommends as follows:

1. **Responses, if Any, by Parties-in-Interest**. No responses to the Motion have been filed by any party. However, it is noteworthy that there have been significant developments in the bankruptcy case since the Motion was filed—e.g., (a) Debtor's counsel has withdrawn (with bankruptcy court permission) from representing the Debtor-in-Possession, with no substitute counsel proposed; (b) Ondova's principal, Jeff Barron, asserted the Fifth Amendment privilege against testifying at a critical hearing in the case; and (c) then a Chapter 11 Trustee was appointed, who now has sole legal standing to act and speak for Ondova Limited Company ("Ondova" or the "Debtor"). The Chapter 11 Trustee (Attorney Daniel Sherman) appeared at the status conference on the Motion and—although still very new to the case—reported that he had performed extensive due diligence regarding the assets, operations and litigation involving Ondova, and was interviewing various parties-in-interest, and did not necessarily see the logic in withdrawing the reference of the overall bankruptcy case. Additionally, even the Movants expressed that much had changed since they filed the Motion, and that they were considering withdrawing the Motion to Withdraw the Reference. The Movants proposed that the bankruptcy court continue the status conference to a later date, but the bankruptcy court believed it was appropriate to move forward with a Report and Recommendation to the District Court concerning the Motion.

2. **No Stay is in Place.** The bankruptcy case has not been stayed by the bankruptcy court, pending a determination of the Motion to withdraw the reference, pursuant to Federal Rule of Bankruptcy Procedure 5011. No party has moved to stay the bankruptcy case.

3. **Core Versus Non-Core Matters.** By its nature, the main

bankruptcy case involves core matters.

4. **Jury Trial Issues**. The question of whether a jury trial has been requested by any party is inapplicable with regard to the bankruptcy case as a whole, as juries are generally not utilized in the daily administration of bankruptcy cases. In any event, a jury has not been requested by any party with regard to the main bankruptcy case, and the court does not believe any right to a jury trial is currently implicated.

5. **Scheduling Order.** The bankruptcy court has not entered a scheduling order *per se* in the bankruptcy case. However, the Bankruptcy Code and Bankruptcy Rules contain various case administration deadlines that are in effect by operation of law.

6. **Recommendation.** The bankruptcy court recommends that the District Court deny the Motion.

7. **Basis for Recommendation.** The Movants (who, again, have announced that they are now considering withdrawing the Motion to Withdraw) have argued in the Motion that *mandatory* withdrawal of the reference applies in the Ondova bankruptcy case. *See* 28 U.S.C. §157(d) (second sentence) which provides that "[t]he district court *shall*, on timely motion of a party, . . . withdraw a *proceeding* if the court determines that resolution of the *proceeding* requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce" (emphasis added). Movants state that administration of this bankruptcy case will involve significant consideration of United States trademark law such that withdrawal of the reference of the entire case is mandated by the second sentence of 28 U.S.C. § 157(d). This is incorrect. First, a "proceeding" is a term of art in the universe of bankruptcy administration, referring to an adversary proceeding that arises under, arises in, or relates to a bankruptcy case.

3

*See* 28 U.S.C. § 1334(a) & (b). Certain courts have opined that the term "proceeding" may also refer to a "contested matter" (*see* Bankruptcy Rule 9014; *compare* to Bankruptcy Rule 7001) that arises within a bankruptcy case. *See e.g.*, *In re Whelan*, 213 B.R. 310, 313 (Bankr. W.D. La. 1997) ("Proceedings subsequent to the filing of a petition for relief are generally either 'contested matters' as defined by rule 9014, FRBP, or 'adversary proceedings' pursuant to Rule 7001, FRBP."). *See also In re Energy Partners, Ltd.*, 409 B.R. 211, 221 (Bankr. S.D. Tex. 2009) (noting that the contested matters before the court were core proceedings pursuant to 28 U.S.C. § 157(b)(2)). In contrast, the term "case" is a term of art in the universe of bankruptcy administration that refers to the **bankruptcy case as a whole**. Thus, mandatory withdrawal of the reference, as described in the second sentence of 28 U.S.C. § 157(d), is simply not applicable to a "case"—it only potentially applies in adversary proceedings and, perhaps, contested matters that arise under, in, or are related to the bankruptcy case. Moreover, "[m]andatory withdrawal is to be applied narrowly to ensure bankruptcy cases are litigated in the bankruptcy courts and to prevent § 157(d) from becoming an 'escape hatch' from litigating cases under the Bankruptcy Code." *In re G-I Holdings, Inc.*, 295 B.R. 211, 221 (D.N.J. 2003).

    On the other hand, **permissive** (or **discretionary**) withdrawal of the reference might, indeed, apply with regard to a bankruptcy **case**. *See* 28 U.S.C. § 157(d) (<u>first sentence</u>), which provides that "[t]he district court **may** withdraw, in whole or in part, any **case** or **proceeding** referred under this section, on its own motion or on timely motion of any party, for **cause** shown" (emphasis added). Thus, turning to whether general "cause" of some sort exists, so that withdrawal of this entire bankruptcy case to the

District Court seems appropriate, the court will evaluate the arguments of the Movants.

Certainly, while certain of the claims involved in this bankruptcy case may implicate United States trademark law, administration of the bankruptcy case as a whole does not. To the extent specialized trademark litigation is required in order to adjudicate certain claims, the court may consider those claims on a situation-by-situation basis and it may be appropriate for the District Court to withdraw the reference, on such a situation-by-situation basis, with regard to such discreet claims that may have, at their core, determination of trademark law. The undersigned court sees no reason why the possible existence of claims, the determination of which requires substantial consideration of United States trademark law, should require the withdrawal of the reference of this entire bankruptcy case. This court can make a report to the District Court in any particular situation (*i.e.*, adversary proceeding or contested matter) in which it believes withdrawal of the reference is appropriate.

Finally, the court notes, anecdotally, that a motion to withdraw the reference of an entire bankruptcy case as a whole is highly unusual. Typically, the District Courts automatically refer all bankruptcy cases to the bankruptcy judges of their district by standing order of reference. *See* Miscellaneous Rule No. 33, Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984). The bankruptcy courts are "units" of the District Courts created to handle routine bankruptcy case administration. 28 U.S.C. § 151. District Courts have been known to withdraw the reference of an entire bankruptcy case when the case involves mass tort litigation (*i.e.*, thousands of personal injury and wrongful death claims), , out of concern regarding the power or jurisdiction of the

bankruptcy court to issue a "channeling order"[1] enjoining litigation against certain non-debtor third parties. See, e.g., *In re A.H. Robins Co., Inc.*, 59 B.R. 99, 100 (Bankr. E.D. Va. 1986) (a bankruptcy case involving the Dalkon Shield tort litigation). However, it is a highly unusual fact pattern that would seem to warrant withdrawal of the reference of an entire bankruptcy case.

In summary, there seems to be no compelling cause shown to warrant withdrawal of the reference in the bankruptcy case as a whole.

Dated: October 1, 2009

Respectfully submitted,

_____
Judge Stacey G.C. Jernigan
United States Bankruptcy Judge

---

[1] A "channeling order" is often the only mechanism to resolve a Chapter 11 case of a company facing mass tort litigation.

6