UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MANILA INDUSTRIES INC. and NETSPHERE, INC., Plaintiff, | § § § § | |
|---|---|---|
| v. | § | No. 3:09-CV-1551-RF |
| ONDOVA LIMITED COMPANY, Defendant. | § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY JUDGE

BEFORE THE COURT is United States Bankruptcy Judge Stacey G.C. Jernigan's Report and Recommendation (Docket No. 6), which recommends denying Manila Industries, Inc. and Netsphere, Inc.'s (collectively "Netsphere") Motion to Withdraw Reference of Bankruptcy Case (Docket No. 2). After due consideration, the Court is of the opinion that the Bankruptcy Judge's Report and Recommendation should be ADOPTED IN ITS ENTIRETY.

On May 28, 2009, Netsphere filed suit against Jeffrey Baron ("Baron") and Ondova Limited Company ("Ondova") to enforce a settlement agreement the parties had reached regarding the ownership of a portfolio of domain names. That action, *Netsphere Inc. et al. v. Baron et al.*, 3:09-cv-00988, is currently pending before this Court. On July 21, 2009, Netsphere filed a Motion on Defendants' Contempt of Court for failure to comply with Court orders. A hearing on the motion was set for July 28, 2009. However, on July 27, 2009,

Ondova filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Northern District of Texas, Dallas Division, Case No. 09-34784-sgj-11, staying the proceedings in this Court. Netsphere now moves to withdraw reference of the Ondova bankruptcy case to the Bankruptcy Court and retain the bankruptcy proceedings at the district court level.

A district court *may* withdraw a case or proceeding referred to the bankruptcy court on its own motion, or on the timely motion of any party, if cause is shown. 28 U.S.C. § 157(d) (2006). A district court *shall* withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Netsphere argues the Court must withdraw the reference of this bankruptcy case under the mandatory withdraw provision of § 157(d) because it will "necessarily require a material and substantial consideration of United States trademark law." However, as Judge Jernigan's report notes, unlike the permissive provision of § 157(d), the mandatory provision only applies to a "proceeding"—a term of art referring to an adversary proceeding or contested matter—that arises under, in, or are related to the bankruptcy case as a whole. Accordingly, the mandatory provision of § 157(d) is not applicable to Netsphere's request to withdraw the entire case from the bankruptcy court.

The permissive provision of § 157(d), however, allows the withdraw of both "cases and proceedings . . . for cause shown." *Id.* Netsphere argues that "the core/non-core nature

Ondova filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Northern District of Texas, Dallas Division, Case No. 09-34784-sgj-11, staying the proceedings in this Court. Netsphere now moves to withdraw reference of the Ondova bankruptcy case to the Bankruptcy Court and retain the bankruptcy proceedings at the district court level.

A district court *may* withdraw a case or proceeding referred to the bankruptcy court on its own motion, or on the timely motion of any party, if cause is shown. 28 U.S.C. § 157(d) (2006). A district court *shall* withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Netsphere argues the Court must withdraw the reference of this bankruptcy case under the mandatory withdraw provision of § 157(d) because it will "necessarily require a material and substantial consideration of United States trademark law." However, as Judge Jernigan's report notes, unlike the permissive provision of § 157(d), the mandatory provision only applies to a "proceeding"—a term of art referring to an adversary proceeding or contested matter—that arises under, in, or are related to the bankruptcy case as a whole. Accordingly, the mandatory provision of § 157(d) is not applicable to Netsphere's request to withdraw the entire case from the bankruptcy court.

The permissive provision of § 157(d), however, allows the withdraw of both "cases and proceedings . . . for cause shown." *Id.* Netsphere argues that "the core/non-core nature

of the claims, the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping" are all reasons the Court should exercise its discretion to withdraw the case from bankruptcy court. After reviewing Netsphere's arguments and Judge Jernigan's report, the Court does not find any compelling cause to withdraw the reference. If a certain claim arises in the course of the bankruptcy that requires specialized trademark litigation the Court may consider those claims on an individual basis and withdraw the reference for those individual claims if withdrawal is warranted.

Accordingly, the Court ORDERS that the Report and Recommendation (Docket No. 6) be ADOPTED IN ITS ENTIRETY and Netsphere's Motion to Withdraw Reference of Bankruptcy Case (Docket No. 2) be DENIED.

Signed this 2nd day of November, 2009.

ROYAL FURGESON
SENIOR UNITED STATES DISTRICT JUDGE